[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-10614
Non-Argument Calendar
_____

D.C. Docket No. 6:10-cv-00851-JA-GJK

JOSE DESRAVINES, individually and jointly,
ROOSEVELT DESRAVINES, individually and jointly,
GISLENE LAURORE, individually and jointly,

Plaintiffs-Appellants,

versus

ORANGE COUNTY SHERIFF'S OFFICE,
OFFICER RICHARD PEREZ,
in his professional and individual capacities,
J.C. PENNEY CORP, INC.,
JOSE GONZALEZ,
in his professional and individual capacities,
JOAN ALKEMA,
in her professional and individual capacities,
WFTV, INC., et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(June 5, 2013)

Before BARKETT, MARCUS, and MARTIN, Circuit Judges.

PER CURIAM:

Jose Desravines ("Jose"), Roosevelt Desravines ("Roosevelt"), and Gislene Laurore, (collectively, the "plaintiffs"), proceeding *pro se*, filed an amended civil rights complaint under 42 U.S.C. § 1983 and Florida law arising from their arrests for an alleged theft from J.C. Penney Corporation, Inc. ("J.C. Penney").  They brought their claims against the following parties: (1) the Orange County Sheriff's Office ("Orange County"); (2) Richard Perez, a deputy for Orange County; (3) J.C. Penney; (4) Jose Gonzalez, a security guard at J.C. Penney; (5) Joan Alkema, a security guard at J.C. Penney; (6) WFTV, Inc. ("WFTV"); (7) the Florida State Attorney's Office; (8) Prosecutor Kelly Hicks; (9) Judge Martha C. Adams; (10) Judge Jerry L. Brewer; (11) the Umansky Law Firm, P.A. ("Umansky"), a private law firm; (12) Gary Schwartz, Esq., the plaintiffs' private defense attorney; and (13) John Does and Jane Does.  (*Id.*).

2

The plaintiffs were arrested when the security guards Gonzalez and Alkema informed Deputy Perez that they hadobserved the plaintiffs shoplift several items from the store.  The remaining defendants were involved thereafter in the state criminal proceedings.   Attachments to the amended complaint included the incident report filed by Deputy Perez indicating that Deputy Perez responded to a call about shoplifting and, upon arrival, Gonzalez, a loss prevention officer at J.C. Penney, informed him that he had observed Roosevelt and Jose, in the presence of two children, conceal fragrance bottles and had also observed Laurore conceal a suit in her handbag. Gonzalez further stated that all three and the children exited the store without paying for the items, at which point Gonzalez arrested them. The exhibits also showed that the state entered a *nolle prosequi* in regard to the petit theft charges against Roosevelt and Laurore and that Jose was convicted of petit theft in the first degree and moved for a new trial after his conviction.

The plaintiff's amended complaint contained nine counts, the first five of which raised the following claims under § 1983 against all defendants: (1) unreasonable search and seizure under the Fourth Amendment; (2) unlawful arrest under the Fourth, Fifth, and Fourteenth Amendments; (3) illegal strip search under the Fourth, Fifth, Ninth, and Fourteenth Amendments; (4) conspiracy under the First, Fifth, Sixth, and Fourteenth Amendments; and (5) "refusing or neglecting to prevent" the deprivation of constitutional and statutory rights.

In the remaining four counts, plaintiffs raised claims of: malicious prosecution against all defendants; Florida common law assault against all defendants; common law conversion against Deputy Perez, Gonzalez, Alkema, J.C. Penney, Judge Adams, Judge Brewer, Hicks, Schwartz, the State Attorney's Office, and Orange County; and intentional infliction of emotional distress against all defendants.

The Plaintiffs appeal *pro se* the district court's grant of the defendants' motions to dismiss the civil rights complaint and the denial of their (1) motion to vacate judgment or for leave to amend the complaint, (2) motion for an evidentiary hearing, and (3) motion to strike the defendants' responses to their motion to vacate judgment.

We have reviewed the multiple arguments made by plaintiffs and, on this record, find no reversible error.  As an initial matter, the plaintiffs have abandoned any argument concerning (1) their motions for an evidentiary hearing and to strike the defendants' responses, (2) their claims for conversion, intentional infliction of emotional distress, and malicious prosecution, and (3) the dismissal of the amended complaint as to defendants J.C. Penney Corporation, Inc., Jose Gonzalez, and Joan Alkema under Fed.R.Civ.P. 4(m) for failure to serve.  Moreover, we need not consider the plaintiffs' claim under 42 U.S.C. § 1985 because this claim was not raised before the district court.

4

As to the remaining arguments which the Magistrate and the District Judge carefully considered, we find no error in their judgment.

**AFFIRMED**